FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE RECARTO KIRKSEY,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Insperity Holdings, Inc. Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Insperity Holdings, Inc. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, DONTE RECARTO KIRSKEY ("Plaintiff" and/or "MR. KIRKSEY"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of California, an employee of Insperity Holdings, Inc., its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number SLK-030024 that had been issued by Defendant LINA to Insperity Holdings, Inc. to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff. A copy of the subject policy is attached hereto as Exhibit "A".

8. For the first six months of Disability, The Plan provides a gross disability benefit equivalent to the lesser of sixty percent (60%) of MR. KIRKSEY's weekly

- 2 -
COMPLAINT

Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit.

9. After the first six months of Disability, the Plan provides a gross disability benefit of the lesser of sixty percent of MR. KIRKSEY's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit.

10. The Plan defines "Disability" as: "The Employee is considered Disabled if, solely, because of Injury or Sickness, he or she is:

- Unable to perform the material duties of his or her Regular Occupation; and
- Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 30 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

- Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
- Unable to earn 80% of more of his or her Indexed Earnings."

11. The Plan provides monthly benefits until MR. KIRKSEY's 65th birthday.

12. Prior to his disability, Mr. Kirksey was a Project Engineer for Insperity Holdings, Inc. This position required frequent travel and was high-stress work on complex projects.

13. On or about June 7, 2007, Plaintiff underwent an MRI of his lumbar spine. The Impression included a left sided L5-S1 disc extrusion which mildly impinged the left S1 root.

14. On or about October 3, 2012, Plaintiff became disabled as defined by the Plan.

15. On or about April 2, 2013, Plaintiff was examined at Prince William Hospital emergency room following a motor vehicle accident.

16. On or about June 19, 2013, Dr. Matthew Ammerman stated his findings following a review of Plaintiff's recent MRI of his lumbar spine:

- "Degenerative disc disease of the lumbar spine as above both from L2/3 and L5/S1, moderate to severe left and moderate right. Neuroforaminal narrowing L5/S1."
- "I compared this image of the lumbar spine to images of a lumbar spine MRI scan from 2007. Essentially, there is a much larger herniated disc at L5/S1 on the left-hand side and there is no herniation on the right-hand side on the old MRI scan."

17. On or about August 15, 2013, Plaintiff underwent an Electrodiagnostic study of his bilateral lower extremities. The findings were consistent with mild S1 nerve root irritation most likely due to L4-5 or L5-S1 disc disease.

18. On or about September 13, 2013, Dr. Ammerman noted Plaintiff's EMG revealed mild S1 irritation affecting his bilateral lower extremities. Dr. Ammerman prescribed Neurontin for pain control.

19. On or about March 19, 2014, Plaintiff underwent an L5-S1 epidural steroid injection.

20. On or about May 14, 2014, Dr. Prashanth Mally noted Plaintiff had undergone a total of four epidural injections with little to no benefit.

21. On or about June 3, 2014, Plaintiff underwent an MRI of his lumbar spine. The findings included:

- L2-3: Broad-based disc bulge causing mild canal stenosis in association with bilateral facet hypertrophy and mild right greater than left foraminal narrowing.
- L5-S1: Broad-based disc bulge with superimposed central disc protrusion and additional left eccentric disc protrusion with slight caudal extrusion of disc material. No definite evidence of sequestered disc material, though the degree of herniation is more extensive than that seen previously. There is mass effect upon the nerve root within the left lateral recess at theL5-S1 level. Additionally, there is bilateral facet hypertrophy resulting in

bilateral foraminal narrowing, left greater than right. Degree of foraminal narrowing is also increased from previously.

22. On or about August 29, 2014, the Social Security Administration approved Plaintiff's claim for disability benefits with benefits beginning October 2013.

23. On or about November 3, 2014, Dr. Soosaimanickam completed a claim form certifying Plaintiff's disability due to lumbar disc herniation, lumbar disc degeneration, and lumbar radiculopathy.

24. On or about November 14, 2014, Defendant denied Plaintiff's claim for Short Term Disability benefits.

25. On or about December 4, 2014, Defendant denied Plaintiff's appeal and upheld the prior denial of his claim.

26. On or about December 11, 2014, Plaintiff emailed Defendant to request and appeal review of the denial of his short term disability claim and requested a long term disability claim be initiated.

27. On or about January 14, 2015, Dr. John Ellis documented Plaintiff's struggle to meet his occupational duties at Insperity:

- "It was a sedentary job…using a computer on a standard desk."
- "He did a lot of flying as well as installed vehicle parts."
- "Sitting at the desk was painful. Flying was painful. Bending and twisting installing parts was painful."

28. In addition, on January 14, 2015, Dr. Ellis noted the following abnormal findings on examination:

- "There is tightness and tenderness of the thoracic and lumbar paraspinous muscles. There is tenderness over the bilateral iliolumbar and sacroiliac ligaments, greater tenderness on the left.
- Pressure on the buttocks reproduces tingling in the back of the thighs, greater on the left. This is consistent with mild lumbosacral plexus and sciatic nerve impingement.

- There is decreased range of motion of the thoracic and lumbar spine.
- Straight leg raising is positive in both legs, greater on the left.
- There is weakness on dorsiflexion of the big toes, plantar flexion of the feet and toe and heel walking with greater weakness on the left.

29. On or about December 4, 2015, Plaintiff spoke with Defendant and was advised his LTD claim had been closed.

30. On or about December 14, 2015, Plaintiff underwent an MRI of his lumbar spine. The findings confirmed disc protrusions at L1-2, L2-3 and L5-S1.

31. On or about February 24, 2016, Defendant affirmed the previous denials of the claim and denied his last appeal.

32. Based upon the substantial medical evidence in the possession of LINA at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

33. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about October 16, 2012, to the present date.

34. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

35. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about

October 16, 2012, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

    2.    An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

    3.    For reasonable attorney fees incurred in this action; and,

    4.    For such other and further relief as the Court deems just and proper.

Dated: August 18, 2016


DarrasLaw

_____
FRANK N. DARRAS
LISSA A. MARTINEZ
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff